# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARRYL CLARK, | ) |
|     Petitioner, | )    3:13-cv-00369-LRH-VPC |
| vs. | ) **ORDER** |
| ROBERT LEGRAND, *et al.*, | ) |
|     Respondents. | ) |

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

      By order filed September 26, 2013, this Court granted petitioner's motion to proceed *in forma pauperis*. (ECF No. 3). Because it appeared likely that the petition was filed well outside the AEDPA one-year limitations period, the Court ordered petitioner to demonstrate either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA. (*Id.*). On October 4, 2013, petitioner filed a response in which he asks the Court to waive the AEDPA statute of limitations. (ECF No. 5). Petitioner further asks the Court to limit its review to Ground 4 of the petition, in which petitioner alleges actual innocence. (*Id.*).

Petitioner challenges a 1987 criminal conviction in the Eighth Judicial District Court, in Clark County, Nevada. The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. Specifically, and in pertinent part, the statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

According to the petition, petitioner was convicted on September 30, 1987. Petitioner signed his federal habeas petition and dispatched it for mailing on July 5, 2013. The petition was filed well outside the AEDPA one-year limitations period, a fact that petitioner does not dispute. Petitioner's sole argument is his reference to an actual innocence argument at Ground 4 of the petition. The Court has reviewed Ground 4 of the petition, in which petitioner argues: "Although petitioner pled guilty to the offense 'sexual assault with use of a deadly weapon,' he did not pled guilty to two

additional sentences [for] 'use of a deadly weapon.'" (Petition, ECF No. 1-1, at p. 11). Petitioner argues that a fact-finder never determined how the deadly weapon was used at the time of the offense. (*Id.*). Petitioner's argument lacks merit. Petitioner admits in the petition that he pled guilty to "sexual assault with the use of a deadly weapon." Petitioner cannot now assert that he did not agree to serve the sentence for use of a deadly weapon. Because Ground Four of the petition does not establish that petitioner is entitled to equitable tolling, and because the petition was filed well outside the AEDPA statute of limitations, this action is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 22nd day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE