UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARRYL CLARK,

      Petitioner,

vs.

ROBERT LEGRAND, *et al.*,

      Respondents.

3:13-cv-00369-LRH-VPC

**ORDER**

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is petitioner's motion to set aside the judgment pursuant to Rule 60(b). (ECF No. 8).

By order filed September 26, 2013, this Court granted petitioner's motion to proceed *in forma pauperis*. (ECF No. 3). Petitioner challenges a 1987 criminal conviction in the Eighth Judicial District Court, in Clark County, Nevada. Because it appeared likely that the petition was filed well after the AEDPA one-year limitations period expired, the Court ordered petitioner to demonstrate either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA. (*Id.*). On October 4, 2013, petitioner filed a response in which he asked the Court to waive the AEDPA statute of limitations. (ECF No. 5). Petitioner also requested the Court to limit its review to Ground 4 of the petition, in which petitioner alleges actual innocence. (*Id.*). On October 22, 2013, the Court rejected petitioner's arguments regarding equitable tolling and actual innocence, and dismissed the

1  petition as filed well after the expiration of the AEDPA statute of limitations.  (ECF No. 6).

2  Judgment was entered on October 23, 2013.  (ECF No. 7).

3       Petitioner has filed a motion to set aside the judgment pursuant to Rule 60(b).  (ECF No. 8).

4  Under Fed. R. Civ. P. 60(b), the court may relieve a party from a final judgment or order for the

5  following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

11       In the instant case, petitioner challenges a conviction entered on September 30, 1987.

12 Petitioner signed his federal habeas petition and dispatched it for mailing on July 5, 2013.  The

13 petition was filed well outside the AEDPA one-year limitations period, a fact that petitioner does not

14 dispute.  Petitioner's sole argument is his reference to an actual innocence argument at Ground 4 of

15 the petition.  The Court reviewed Ground 4 of the petition, in which petitioner argues: "Although

16 petitioner pled guilty to the offense 'sexual assault with use of a deadly weapon,' he did not pled

17 guilty to two additional sentences [for] 'use of a deadly weapon.'" (Petition, ECF No. 1-1, at p. 11).

18 Petitioner argues that a fact-finder never determined how the deadly weapon was used at the time of

19 the offense.  (*Id.*).  Petitioner's argument lacks merit.  Petitioner admits in the petition that he pled

20 guilty to "sexual assault with the use of a deadly weapon."  Petitioner cannot now assert that he did

21 not agree to serve the sentence for use of a deadly weapon.  Because Ground Four of the petition

22 does not establish that petitioner is entitled to equitable tolling, and because the petition was filed

23 well outside the AEDPA statute of limitations, the Court determined that this action must be

24 dismissed with prejudice, pursuant to 28 U.S.C. § 2244(d)(1).  (ECF No. 6).  In his motion,

25 petitioner has failed to make an adequate showing under Rule 60(b) that this Court's order and

26 judgment of October 22, 2013, should be set aside.

27 ///

1  **IT IS THEREFORE ORDERED** that petitioner's motion to set aside judgment (ECF No. 8) is **DENIED.**

Dated this 7th day of July, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE